GLENN E. SOLOMON (SBN 155674)
PETER STROTZ (SBN 129904)
JONATHAN SHIN (SBN 287602)
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310
Email: *gsolomon@kslaw.com*
　　　 *pstrotz@kslaw.com*
　　　 *jshin@kslaw.com*

Attorneys for Plaintiff
Bond Pharmacy, Inc. d/b/a Advanced Infusion Solutions

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOND PHARMACY, INC. D/B/A ADVANCED INFUSION SOLUTIONS<br><br>Plaintiff,<br><br>v.<br><br>BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE, a for-profit corporation; CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:23-cv-01497-JD<br><br>**JOINT RULE 26(F) REPORT**<br><br>[Hon. Stanley Blumenfeld, Jr.]<br><br>Date of Complaint: February 28, 2023<br>Date of Responsive Pleading: May 19, 2023<br>Trial Date (Proposed): August 4, 2025 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's standing order, Plaintiff Bond Pharmacy, Inc., d/b/a Advanced Infusion Solutions ("Plaintiff" or "AIS") and Defendants Blue Shield of California, Life & Health Insurance and California Physicians' Service dba Blue Shield of California (collectively, "Defendants" or "Blue Shield") respectfully submit this Joint Rule 26(f) Report.  Counsel for the Parties held a telephonic conference pursuant to Rule 26(f) on August 14, 2024, at which they discussed the following matters:

(1) **Subject matter jurisdiction**: The Court has subject matter jurisdiction based on diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a).  The amount in controversy exceeds $75,000.  Plaintiff Bond Pharmacy, Inc. is a citizen of Mississippi, as both the state of incorporation and its principal place of business.  Defendants Blue Shield of California, Life & Health Insurance Company and California Physicians' Service dba Blue Shield of California are citizens of the state of California, as both the state of incorporation and their principal place of business.

(2) **Statement of the case**:  This action concerns a dispute over payment for non-contracted, out-of-network home infusion therapy services rendered by AIS to Blue Shield members and/or insured, and members and/or insureds of plans administered by Blue Shield.  The infusion therapy services at issue concern the provision of specialty compounded medications for use with an implanted intrathecal pain pump, which is surgically implanted in a patient's abdomen and infuses pain medication directly into the intrathecal space of the patient's spine. The crux of the dispute is over AIS's billing for its services under a particular home infusion therapy per diem code (HCPCS S9328), and Blue Shield's position that it should not reimburse AIS for services billed under the home infusion therapy per diem billing code.  Further, Blue Shield disputes various categories of claims submitted by AIS, including but not limited to, claims that have already been paid, claims that are the responsibility of another payor, claims for members and/or

insureds who were ineligible for or were terminated from coverage before the date of service at issue, and claims that were untimely submitted for reimbursement.

AIS's complaint raises causes of action for breach of implied contract, claims for ERISA benefits, common count for services rendered, and violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.) based on these allegations. Blue Shield filed a motion to dismiss on May 19, 2023, for failure to state a claim on grounds that, among other things, the complaint does not allege the elements of an implied contract or breach of contract by assignment, and that for the ERISA-based causes of action, the complaint fails to allege specific ERISA plan terms or AIS's exhaustion of administrative remedies. Blue Shield's motion to dismiss also argues that Plaintiff fails to state a claim for services rendered and unfair compensation. The parties agreed to take off calendar the hearing on Blue Shield's motion to dismiss until after mediation and after the case was reassigned. Blue Shield intends to request or set a new hearing date on the motion to dismiss if mediation is not successful.

(3) **Damages/Insurance**:

a. *Damages*. To date, AIS has identified for Blue Shield roughly 3,500 unpaid or underpaid charges, which AIS alleges amounts to roughly $3.5 million in damages exclusive of interest. Plaintiff notes that this case involves ongoing systemic denials while Plaintiff continues to service Blue Shield members. Plaintiff contends that the number of patient accounts at issue, and the amount of damages, continues to accrue. Blue Shield disagrees with Plaintiff's contention that the patients at issue and the amount of damages can continue to accrue indefinitely. It is Blue Shield's position that once a trial date is set, the claims at issue should cease to accrue.

b. *Insurance*. None.

(4) **Parties, evidence, etc.**:

a. *Parties*: Plaintiff Bond Pharmacy, Inc., d/b/a Advanced Infusion Solutions and Defendants Blue Shield of California, Life & Health Insurance Company and California Physicians' Service dba Blue Shield of California (collectively, "Defendants" or "Blue Shield").

b. *Party subsidiaries, parents, and affiliates*:

   i. For Plaintiff Bond Pharmacy, Inc., d/b/a Advanced Infusion Solutions,

   ii. For Defendant Blue Shield of California, Life & Health Insurance Company,

   iii. For Defendant California Physicians' Service dba Blue Shield of California,

c. Percipient witnesses:

   i. For Plaintiff, potential witnesses include Charles Bell Jr., Patty Alexander, and Beverly Aborne.

   ii. For Blue Shield, potential witnesses include members and/or insureds whose claims are identified in the operative patient claims spreadsheet prepared by Plaintiff, PMK(s) on Blue Shield's and Plaintiff's contract negotiation discussions, PMK(s) on Blue Shield's and Plaintiff's communications regarding the patient claims at issue, PMK(s) on Blue Shield's processing of the claims at issue, and PMK(s) on Blue Shield's Special Investigation Unit's ("SIU") investigation of Plaintiff's billing practices as it relates to services provided to Blue Shield members and/or insureds.

d. Key documents in this case will include communications between the parties, including communications related to the parties' contract negotiations and as to the services Plaintiff rendered to

Blue Shield's members and/or insureds, the parties' communications regarding the proper use and reimbursement for home infusion therapy billing codes including HCPCS code S9328, the parties' communications on the basis for denial of claims unrelated to HCPCS code S9328, Healthcare Common Procedure Coding System (HCPCS) manuals and guidelines, National Home Infusion Therapy Association (NHIA) manuals and guidelines, documents regarding Blue Shield's SIU's investigation and audit into AIS's billing practices as it relates to services provided by Plaintiff to Blue Shield's members and/or the insureds, and the parties' patient claim files on the disputed patient claims.

(5) **Discovery**:

a. *Status of Discovery*: Plaintiff has propounded an initial set of requests for documents on August 12, 2024. Blue Shield's responses are due September 11, 2024. During the August 14, 2024 telephonic conference and prior to the Court setting a Scheduling Conference, Blue Shield's counsel explained to Plaintiff's counsel that written discovery was premature.

b. *Discovery Plan*: The parties have scheduled private mediation currently set for October 4, 2024 before Dan Platt, Esq of JAMS. Plaintiff has initiated written discovery, and the parties have agreed to meet and confer on what limited set of documents and information should be exchanged in advance of mediation to best facilitate settlement.

The parties have agreed to a date for initial disclosures on September 20, 2024, and will meet and confer as to which documents can be exchanged before the scheduled mediation.

Plaintiff asserts that discovery will be needed on at least the following topics/issues:

- Blue Shield's interpretation of the definition for Code S9328.
- Blue Shield's communications with the Blue Cross Blue Shield Association and other Blue Card licensees regarding AIS and/or billing and reimbursement for pain pump home infusion therapy (HIT) and medications.
- Blue Shield's agreements/reimbursement methodologies with other home infusion therapy (HIT) providers, particularly those that deliver pain pump medications.
- Blue Shield and its Special Investigation Unit's (SIU) decision to "flag" AIS for pre-payment review, clinical record requests, authorization denials etc.
- Any audits, investigations, research conducted by Blue Shield, including Blue Shield SIU, into AIS, AIS's billings, or the billings of any other pain pump HIT providers.
- The development of any Blue Shield reimbursement or clinical policies involving pain pump HIT.
- Blue Shield' reasons for denying AIS bills for pain pump HIT.

Blue Shield asserts that discovery will be needed on at least the following topics/issues:

- Documents relating to the patient claims identified in the operative patient claims spreadsheet, including but not limited to documents relating to claims submitted by Plaintiff to Blue Shield for payment.
- Plan documents for the patient claims identified in the operative patient claims spreadsheet.
- Communication documents between Blue Shield and Plaintiff related to the patient claims identified in the operative patient claims spreadsheet.

- Communication documents between Blue Shield and Plaintiff related to the parties' contract negotiation process.
- Blue Shield's SIU file as it relates to the investigation of Plaintiff's billing practices.
- Documents relating to any law enforcement or regulatory agency's investigation into Plaintiff and its billing practices.

Blue Shield reserves the right to supplement its production based on further investigation.

Plaintiff will present a proposed protective order and ESI protocol to Defendants by August 30, 2024, with the goal that a proposed stipulated protective order will be filed with the Court no later than September 6, 2024, and an ESI protocol will be agreed to by that date as well.

The parties have started discussions on an efficient way to handle discovery and presentation of evidence given the large number of patient accounts at issue, which continues to accrue, and those discussions remain ongoing.

The parties do not foresee any request for limitations on discovery imposed under the FRCP or local rules, except in the event that the parties are able to agree on bifurcation, sampling of the patient claims at issue, the use of example claims to represent a larger set of claims at issue, or some other way to efficiently handle bill-specific discovery and evidence presentation on the patient claims at issue.

(6) **Legal Issues**: As noted above, Blue Shield filed a motion to dismiss on May 19, 2023, for failure to state a claim on grounds that, among other things, the complaint does not allege the elements of an implied contract or breach of contract by assignment, and that for the ERISA-based causes of action, the complaint fails to allege specific ERISA plan terms or AIS's exhaustion of administrative remedies. Blue Shield's motion to dismiss also argues that Plaintiff fails to state a claim for services rendered and unfair compensation. The parties

agreed to take off calendar the hearing on Blue Shield's motion to dismiss until after mediation and after the case was reassigned. Blue Shield intends to request or set a new hearing date on the motion to dismiss if mediation is not successful.

(7) **Motions**:

    a. *Procedural motions*: As of the date of this statement, the parties do not anticipate motions to add other parties or claims, file amended pleadings, or transfer venue. Plaintiff clarifies that this case involves ongoing systemic denials while Plaintiff continues to service Blue Shield members and/or insureds. Thus, it is Plaintiff's position that the number of patient accounts at issue, and the amount of damages, continues to accrue, notwithstanding Blue Shield's position that accrual should stop once a trial date is set.

    b. *Dispositive motions*: Blue Shield filed a motion to dismiss on May 19, 2023, for failure to state a claim on grounds that, among other things, the complaint does not allege the elements of an implied contract or breach of contract by assignment, and that for the ERISA-based causes of action, the complaint fails to allege specific ERISA plan terms or AIS's exhaustion of administrative remedies. Blue Shield's motion to dismiss also argues that Plaintiff fails to state a claim for services rendered and unfair compensation. The parties agreed to take off calendar the hearing on Blue Shield's motion to dismiss until after mediation and after the case was reassigned. Blue Shield intends to request or set a new hearing date on the motion to dismiss if mediation is not successful. The parties reserve their rights to bring issues / claims in a motion for summary judgment or adjudication, but agree that it is premature to know whether any motion for summary judgment or adjudication will be filed.

    c. *Class Certification motion*: None.

(8) **Alternative Dispute Resolution (ADR)**.

  a. *Prior Discussions*: The parties have scheduled private mediation to take place on October 4, 2024.

  b. *ADR Selection*: Private mediation is scheduled to take place with JAMS before Dan Platt, Esq., on October 4, 2024.

(9) **Trial**:

  a. *Proposed trial date*: August 4, 2025.

  b. *Time estimate*: 10-14 days.

  c. *Jury or Court trial*: Plaintiff requests a jury trial and Blue Shield prefers a bench trial.

  d. *Magistrate judge*: Blue Shield does not consent to assignment to a Magistrate judge.

  e. *Trial counsel*:

    i. For Plaintiff: Glenn Solomon (lead trial counsel), Peter Strotz (partner), and Jonathan Shin (counsel), King & Spalding, LLP.

    ii. For Defendants: Gregory Pimstone (lead trial counsel), Ileana Hernandez (lead trial counsel), and Michael Nordon (associate), Manatt, Phelps & Phillips, LLP

(10) **Special Requests/Other Issues**: None.

| | |
|---|---|
| Dated: August 27, 2024 | KING & SPALDING LLP |
| | |
| | By: /s/ *Jonathan H. Shin* |
| | GLENN SOLOMON |
| | PETER STROTZ |
| | JONATHAN SHIN |
| | |
| | Counsel for AIS Healthcare |
| | |
| Dated: August 27, 2024 | MANATT, PHELPS & PHILLIPS, LLP |
| | |
| | By: /s/ *Ileana M. Hernandez**  |
| | Gregory N. Pimstone |
| | Ileana M. Hernandez |
| | Michael G. Nordon |
| | |
| | Counsel for Defendants Blue Shield of California Life & Health Insurance Co. and California Physicians' Service dba Blue Shield of California |
| | |
| | *Under Local Rule 5-4.3.4(a)(2), the filer attests that all signatories have concurred in the content of this document and have authorized this filing. |